*COLUMBIANA COUNTY—DECEMBER*
        *TERM, 1816.*

PRESENT—TAPPAN, *President;* SMITH, ATTERHOLT AND BROWN, *Associates.*

## EATON vs. MORGAN.

Judgment may be by default after appearance.
Matters of computation may be referred to the clerk, but the assessment of damages
    upon parole evidence to be exhibited, cannot.
An appearance cures a defective service of the writ.
An irregular judgment will be set aside on motion.

A SUMMONS was issued in June term last, returnable forthwith. The writ was returned on the last day of the term, endorsed " served by copy." A declaration was filed; the defendant was called, and not answering was defaulted. Final judgment was entered, " to be liquidated by the clerk." The clerk made up the judgment and issued execution returnable to this term.

WRIGHT, for the defendant, moved to set aside the execution and judgment, and to open the default, and for leave to plead. He contended that, as by the 14th section of the " act to organize the judicial courts and regulate their practice," it is enacted " that whenever the sheriff or other officer shall return such summons *served* or *summoned,* the party shall be considered as being in court, and may be proceeded against accordingly," it was irregular to call the defendant and default him; by law he must be considered as in court, and a rule should have been taken upon him to plead.

POTTER and GOODENOW, contra.

PRESIDENT.—The section of the statute which has been read and relied on, cannot be construed to mean more, than that the defendant shall be considered as appearing at the return of the summons, so that a declaration may be filed against him. This law places a defendant on a summons, in the situation of a defendant on a capias, who has filed common or special bail, and goes no further, in effect, than to excuse the entry of an appearance. But " if the defendant appears, and afterwards being demanded by the court the same day, will not

COLUMBIANA.    appear, it will be a departure in despite of the court, upon
December 1816  which there shall be judgment against him immediately."

Eaton          Mod. Ca. 3, 5th Com. Dig. 307.   So, also, "in all personal
v.
Morgan.        actions upon a default after declaration before issue, there
shall be final judgment against the defendant." Show. 65, 1st Salk. 216.
5th Com. Dig. 307.   See also 5th Com. Dig. 553.   There does not,
therefore, appear to be any irregularity in calling and defaulting the
defendant.

But this is a case in which the liquidation of damages could not
lawfully be referred to the clerk, and would not have been so referred
had not the court been misinformed as to the nature of the plaintiff's
demand.   The court may refer matters of computation to the clerk,
where there is established data to go upon, as casting interest on notes
and bonds; but they cannot refer to the clerk the assessment of
damages upon parole evidence to be exhibited.   The reference, in this
case, was then altogether void and illegal, if it was not also in deceit
of the court.

It must appear by the officer's return on all process, that legal
service of such process has been made.   The law directs that a copy of
the summons "shall be served on the defendant, or left at his dwelling
house or usual place of abode."   Here are three different modes in
which such writ may be served; and it does not appear, by this return,
that the writ has been served in either of them, either upon the
defendant personally, at his own house, or at the house of another
person as his usual place of abode.   I should take this return, there-
fore, to be imperfect and defective, not sufficient to warrant the calling
and defaulting the defendant, were it not that the statute seems to
authorize such brief return; but his appearance now may cure such
defect, if it is one.   5 Com. Dig. 295.   All the proceedings subsequent to
the return of the writ, are set aside, and the plaintiff may take a rule
on the defendant to plead.